**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RODRIGO MUNOZ VARELA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-71328

Agency No. A206-402-395

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2020[**]
Pasadena, California

Before:  PAEZ and BADE, Circuit Judges, and ZOUHARY,[***] District Judge.

Rodrigo Munoz Varela petitions for review of the Board of Immigration

Appeals' (BIA) decision affirming an immigration judge's (IJ) denial of his

applications for asylum, withholding of removal, protection under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

COA

Against Torture (CAT), and cancellation of removal. Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny the petition.

We review the BIA's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). Substantial evidence review is an "extremely deferential" standard, *Wang v. INS*, 352 F.3d 1250, 1257 (9th Cir. 2003) (quoting *Monjaraz-Munoz v. INS*, 327 F.3d 892, 895 (9th Cir. 2003)), which requires us to affirm the agency's factual findings "unless any reasonable adjudicator would be compelled to conclude the contrary," *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. Munoz Varela challenges the BIA's conclusion that his asylum application was time-barred because he filed it in 2018, well over one year after he entered the United States in 2003. *See, e.g.*, *Husyev v. Mukasey*, 528 F.3d 1172, 1177–78 (9th Cir. 2008). Munoz Varela argues the one-year bar does not apply because he only learned of the risk of political persecution years after he left Mexico. Because he never specifies what circumstances changed, when he learned of those circumstances, or whether he acted promptly once he learned of them, the BIA properly rejected his argument that changed circumstances excused him from the one-year time bar. *See id.*

Munoz Varela also argues that he suffers from medical conditions that

2

impaired his ability to learn of the allegedly changed conditions in Mexico, and that the one-year time bar does not apply to aliens who entered the country before 2005. However, Munoz Varela did not raise these arguments before the BIA, and therefore we do not have jurisdiction to consider them. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue.").

2. Munoz Varela argues the BIA erred by affirming the IJ's determination that he had not demonstrated a clear probability his life or freedom would be threatened in Mexico on account of a protected ground. Munoz Varela failed to exhaust his arguments based on the alleged social groups of his family and people who campaigned for his uncle in 2003, so they are not properly before us. *See id.* Munoz Varela also attempts to connect anecdotal accounts of violence, particularly the murders of three of his friends, to political persecution. However, his arguments that these crimes had a political nexus consist solely of circumstantial evidence (that all three worked for the same politician at one time or another) and his cousin's opinion that her husband was killed because of his political activities. This is too tenuous to show that substantial evidence does not support the BIA's determination. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated

3

by theft or random violence by gang members bears no nexus to a protected ground.").

3.      Substantial evidence supports the BIA's determination that Munoz Varela was ineligible for protection under the CAT. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). "To demonstrate eligibility for withholding of removal under the CAT, an alien must show that it is more likely than not that a government official or person acting in an official capacity would torture him or aid or acquiesce in his torture by others." *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009) (quotation marks omitted). The "generalized evidence of violence and crime in Mexico" Munoz Varela presented to the IJ and the BIA is insufficient to satisfy this standard. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). Moreover, Munoz Varela's failure to show "consent or acquiescence" of a public official in his potential torture, apart from a passing reference to "rampant corruption," is fatal to his CAT claim. *See Garcia-Milian*, 755 F.3d at 1033–35.

4.      Munoz Varela also argues his procedural due process rights were violated because he was not allowed to marry while in ICE custody, and marriage would have added two qualifying relatives for purposes of the cancellation of removal analysis. To prevail on a procedural due process claim, an alien must show that his deportation "proceeding was so fundamentally unfair that [he] was

4

prevented from reasonably presenting his case," and that "the alleged violation prejudiced his . . . interests." *Mendez-Garcia v. Lynch*, 840 F.3d 655, 665 (9th Cir. 2016) (quoting *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011)).

Although an alien may have a fundamental right to marry while in DHS custody, *see Turner v. Safley*, 482 U.S. 78, 94–95 (1987), Munoz Varela has cited no authority permitting an IJ or the BIA to compel a sister agency to let him marry, or permitting this court to do so in the context of a procedural due process challenge to removal proceedings.[1]  Therefore, Munoz Varela has not demonstrated that he has a cognizable procedural due process claim.

5.    We grant the government's motion to strike Munoz Varela's "Supplemental Documents for Application for Asylum, Withholding of Removal and Protection Under the Convention Against Torture."  We deny as moot Munoz Varela's Motion for Stay of Removal.

**PETITION FOR REVIEW DENIED.**

---

[1] In June 2018, Munoz Varela sued DHS in federal district court, seeking a temporary restraining order to allow him to marry while in custody.  *Varela v. DHS*, No. 5:18-cv-01322-DDP-AS (C.D. Cal. 2018).  Several months later, the district court dismissed his case without prejudice for failure to prosecute.